# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2018

Lyle W. Cayce
Clerk

DINA IRENE ASMITIA,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 087 589 740

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Dina Asmitia, a native and citizen of El Salvador, petitions for review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the order of the immigration judge ("IJ") directing her removal and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). With respect to withholding of removal, the BIA agreed with the IJ that Asmitia had not demonstrated that she suffered past persecution on account of her membership in the proposed social group of "family members of persons who actively oppose gangs in El Salvador by public defiance of gang authority." Asmitia asserts that she was persecuted because of her membership in that group, which she contends is a cognizable social group for purposes of withholding of removal.

We do not address whether the proposed social group is cognizable or whether any harm rose to the level of persecution, because substantial evidence supports the BIA's finding that "[e]ven assuming that [Asmitia] established a cognizable social group, she has not demonstrated that a central motive for the harm she suffered and fears is on account of her membership in the group." *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The BIA found that the evidence showed that any harm was based on the gang's perception that Asmitia was wealthy. The record does not compel a contrary conclusion. *See Chen*, 470 F.3d at 1134.

Further, Asmitia has failed to show that the evidence compels the conclusion that it is more likely than not that she would be tortured, as that term is defined for purposes of relief under the CAT, if she returned to El Salvador. *See* 8 C.F.R. §§ 208.16(c)(2), 1208.18(a)(2); *Chen*, 470 F.3d at 1139. Accordingly, the petition for review is DENIED.